UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY CAMERON, et al., | ) | CASE NO. 1:09CV205 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CHRISTOPHER BUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon Defendants' Motion (ECF DKT #27) for Summary Judgment. For the following reasons, Defendants' Motion is granted; the federal claims are barred by the statute of limitations; and the remaining state claims are remanded to Cuyahoga County Common Pleas Court.

**I. FACTUAL BACKGROUND**

On April 20, 2006, officers of the Cleveland Police Department attempted to arrest an individual by the name of Edward Cameron, who was wanted on a felonious assault warrant. Among the officers involved were Defendants, Terry Shoulders, Christopher Bush, and Michael Alexander. The police were acting on information that the suspect was living with

relatives at a duplex at 3511-3513 West 125th Street. The front doors of each address were located side by side on the front porch. The two-family property was owned by Plaintiff, Anthony Cameron, who lived in the downstairs portion of 3513 West 125th Street. He lived there with his three young children and Plaintiff Delores Glover. Plaintiff Shawn Cameron lived at 3511 West 125th Street with his teenage son.

In the early morning hours of April 20, 2006, the officers approached the duplex; and Defendants Bush and Alexander moved up the driveway toward the residence. When a man exited a door onto the porch, Defendant Bush attempted to draw his weapon and direct his flashlight toward the figure at the front of the house. A gunshot went off and Defendant Alexander yelled that he had been shot. Believing the shot came from the house, Alexander fired his weapon into the house and fell backwards over a vehicle. Defendant Bush also fired twice at the house. When the gunfire ceased, Defendant Shoulders ordered officers into 3511 and 3513 West 125th Street to conduct a protective sweep. No one inside was shot; no shooting suspects were located; and Edward Cameron was not found.

An investigation revealed that no shots were ever fired from inside the residence. Rather, Defendant Bush accidentally discharged his weapon while removing it from his holster. A bullet struck the driveway, dislodging a piece of concrete. The piece of concrete hit Defendant Alexander, leading him to believe he was shot.

The original State Complaint was filed on April 20, 2007, alleging: The actions of Defendants constituted assault with deadly weapons while demonstrating an egregious and reprehensible conscious disregard for the rights and safety of Plaintiffs and their families; Officer Terence Shoulders was reckless and grossly negligent in his supervision of the

attempt to execute the arrest warrant for Edward Cameron at Plaintiffs' residences; the City of Cleveland Police Department was reckless and grossly negligent in their training and deployment of officers who were obviously unfit and/or inadequately trained to execute the warrant without risking serious injury to members of the public; Plaintiff Anthony Cameron sustained property damage; and all Plaintiffs experienced extreme emotional distress and permanent psychological injury , including recurrent nightmares.

On January 8, 2008, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure.  One year later, on January 8, 2009, Plaintiffs re-filed their Complaint in Cuyahoga County Common Pleas Court.  The allegations were identical, except for paragraph #15, which read: "The singular and combined actions of these individual Defendants, employed by, and acting under the authority of the City of Cleveland, constituted violations of the Plaintiffs' federally guaranteed constitutional rights."

Asserting the Complaint set forth allegations arising under the United States Constitution, and alleging deprivation of constitutional rights by persons acting under color of state law, Defendants filed a Notice of Removal on January 29, 2009.  On June 2, 2009, Plaintiffs filed an Amended Complaint.  Defendants, Bush, Alexander, and Shoulders, as well as Defendant City of Cleveland filed Answers on June 11, 2009, including the affirmative defense of the statute of limitations.

Defendants now move for summary judgment in their favor, on the basis, *inter alia*, that Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the statute of limitations.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir.2006); *Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir.2005). The initial burden to demonstrate the absence of a genuine issue of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "When a motion for summary judgment is properly made and supported" the initial burden shifts to the opposing party, who "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir.2003). A fact is material only if its resolution "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Ciminillo v. Streicher*, 434 F.3d 461, 464

(6th Cir.2006); *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir.2005). "Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true." *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir.2004). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). Furthermore, the court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir.1996). Rather, the burden falls on the non-moving party to designate specific facts or evidence in dispute. *Anderson*, 477 U.S. at 249-250.

**42 U.S.C. § 1983**

In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)." *Wallace v. Granholm*, No. 1:07-CV-744, WL 4178655, at*2 (W.D.Mich. Nov. 20, 2007).

A municipality cannot be held liable under § 1983 solely because it employs a tortfeasor, i.e., only on a respondeat superior theory. *Monell v. Department of Social Services*

*of the City of New York*, 436 U.S. 658, 691 (1978). However, local governments may be sued for constitutional deprivations caused by official policy or custom. *Monell*, 436 U.S. at 690.

"Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983." *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir.1996).

**Statute of Limitations**

As to the timeliness of actions brought pursuant to 42 U.S.C. § 1983, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Harris v. United States*, 422 F.3d 322, 331 (6th Cir.2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)). Therefore, a two-year limitations period applies to civil rights actions that arise in Ohio. *Collyer v. Darling*, 98 f.3d 211, 220 (6th Cir.1996); *Tackett v. Marion County Fair Board*, 272 F.Supp.2d 686, 689 (N.D.Ohio 2003). "Not only the length of the limitations period, but also 'closely related questions of tolling and application,' thus are 'governed by state law.'" *Harris*, *supra* at 331, quoting *Garcia*, 471 U.S. at 269. Among the interrelated tolling provisions is the Ohio Savings Statute. *See Harris v. Canton*, 725 F.2d 371, 377 (6th Cir.1984).

**Ohio's Savings Statute (R.C. § 2305.19)**

The one-year savings statute provides in pertinent part:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one

>year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits . . .

The savings statute applies when the original suit and the new action are substantially the same. *Children's Hosp. v. Ohio Dept. of Public Welfare*, 69 Ohio St.2d 523, 525 (1982); *Stone v. North Star Steel Company*, 152 Ohio App.3d 29, 34 (2003).  The determination whether a new complaint is "substantially the same" as the dismissed complaint turns on whether the allegations of the first action gave defendant "fair notice" of plaintiff's claims. *North Star*, 152 Ohio App.3d at 35.

**Plaintiffs' Complaints**

Viewing the Plaintiffs' original Complaint, filed April 20, 2007, most liberally, the allegations concerning violation of rights, of any kind, are found in paragraph ¶ 9: "The actions of these Defendants constituted an assault with deadly weapons upon Plaintiffs while demonstrating an egregious and reprehensible conscious disregard for the rights and safety of Plaintiffs and their families."  The remaining allegations sound in recklessness or gross negligence.  All of the allegations concern the events of April 20, 2006.  Plaintiffs voluntarily dismissed this Complaint on January 8, 2008.

Plaintiffs re-filed their Complaint on January 8, 2009.  The recitations are identical, except for the addition of paragraph ¶ 15: "The singular and combined actions of these individual Defendants, employed by, and acting under the authority of the City of Cleveland, constituted violations of the Plaintiffs' federally guaranteed constitutional rights."  Believing , for the first time, that the Complaint stated a claim for violation of federally protected rights by individuals acting under color of state law, Defendants removed the action to District

Court on January 29, 2009.

As previously noted, the statute of limitations for § 1983 actions arising in Ohio is two years.  Thus, Plaintiffs had until April 20, 2008 to timely file such claims.  The re-filed Complaint was filed on January 8, 2009, that is, within one year after the voluntary dismissal.  However, the re-filing exceeded the two-year limitations period for § 1983 claims against the City and the police officers.  The savings statute only applies when the original complaint and the re-filed complaint are "substantially the same."  Plaintiffs successfully preserved their previously-asserted causes of action; but Defendants contend the statute of limitations bars their § 1983 claims.

This Court agrees.  The allegations of the Plaintiffs' original Complaint made no mention of the violation of rights protected under the United States Constitution or federal laws.  In addition, the original Complaint failed to allege constitutional deprivation of rights resulting from a governmental policy or custom.  The first allegations which could possibly be construed as civil rights claims under 42 U.S.C. § 1983 appear in paragraph ¶ 15 of the re-filed state-court Complaint, dated January 8, 2009.  Although Plaintiffs point to the allegations in the April 20, 2007 Complaint of disregard for the rights of Plaintiffs, arguing the import of their reference to "rights" is the same, whether or not specifically identified as "civil" or "constitutional," it is telling that Plaintiffs are not arguing the Notice of Removal was untimely.  If they were correct in their assessment of the sufficiency of the civil rights claims in their original Complaint, then removal would have been appropriate within thirty days of service of the April 20, 2007 pleading.

Plaintiffs' contention, therefore, is unpersuasive; and the original Complaint did not

provide Defendants with "fair notice" of a cause of action under 42 U.S.C. § 1983 for deprivation of constitutional rights by individuals acting under color of state law and/or by virtue of municipal policy or custom.  The operation of the R.C. § 2305.19, the Ohio savings statute, did not preserve a claim which was never articulated in the original, dismissed pleading.  The cause of action under 42 U.S.C. § 1983, set forth in the re-filed Complaint and filed January 8, 2009, is time-barred since it was filed outside the two-year statute of limitations which expired April 20, 2008.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion (ECF DKT #27) for Summary Judgment is granted.   The federal claims, pursuant to 42 U.S.C. § 1983 and *Monell*, against the City of Cleveland, Christopher Bush, Michael Alexander, and Terrence Shoulders, are barred by the statute of limitations; this Court declines to exercise its supplemental jurisdiction over the state claims; and those remaining state claims are remanded to Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

**DATE: June 1, 2010**

 **S/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**